OSCAR E. BESORE, plaintiff in error, *vs.* TALLULAH E. BESORE, by her next friend, defendant in error.

1. An infant married woman may maintain an action for a divorce.
2. The discretion of the Superior Court as to the amount allowed as temporary alimony will not be interfered with unless abused.

3. Temporary alimony for the wife should embrace a reasonable allowance for her support pending the litigation, taking into consideration her physical condition and ability to contribute something towards her own support.

Husband and wife. Divorce. Alimony. Infant. Before Judge Hill. Bibb Superior Court. April Term, 1873.

For the facts of this case, see the decision.

Lyon & Irvin, for plaintiff in error.

Poe & Hall, by Z. D. Harrison, for defendant.

Warner, Chief Justice.

The complainant having filed her libel for divorce against the defendant, made application to the Court for the allowance of temporary alimony, and for payment of counsel fees. The Court below, after hearing evidence as to the amount of the defendant's property, and the condition of the parties, ordered that the defendant should pay the plaintiff $45 00 per month for temporary alimony, and should pay to her counsel $150 00, as a retaining fee in the libel suit for divorce, to which the defendant excepted. The defendant also made a motion to dismiss the whole proceeding, on the ground that an infant married female, under twenty-one years of age, could not maintain an action of libel for divorce against her husband, which motion was overruled, and the defendant excepted.

1. If the wife is of sufficient age to enter into a marriage contract, no good reason occurs to us why she may not maintain an action in the Courts to dissolve it, for any of the causes authorized by the laws of the State. Marriage contracts and settlements made by infants who are of lawful age to marry, are binding, as if made by adults: Code, section 2692. The complainant in this case was of lawful age to contract marriage and to make a marriage settlement, and such contracts made by infant females being as binding upon them as if made by adults, it would seem that they would be as competent to

maintain an action to dissolve the marriage contract, for any of the causes authorized by law, as an adult married woman would be.   If an infant married woman is bound by the contract as an adult married woman would be, it is difficult to perceive why she should not have the same right to prosecute a suit for a dissolution of that contract as an adult married woman would have.   There was no error in overruling the motion to dismiss the proceedings.

2. We cannot say that there was such an abuse of the discretion of the Court below in allowing the temporary alimony in this case as would authorize this Court to interfere and control it, although we should have been better satisfied if the amount allowed had been less, but as it is in the discretion of the Court to modify its order from time to time, as the condition and circumstances of the parties may require, we will not interfere to control it.   Courts cannot be too careful in granting temporary alimony and counsel fees in applications for divorce, so as not to encourage the dissolution of the marriage contract for *mercenary* considerations, the more especially when the amount is to be paid out of the property of the husband, when the wife had no property at the time of the marriage, as in this case.

3. A reasonable allowance for her support pending the litigation should be made, taking into consideration her physical condition and ability to contribute something towards her own support in the meantime.   Every case, however, must depend on its own merits and the particular circumstances connected with it, as well as the rank and condition in life of the parties.

Let the judgment of the Court below be affirmed.