RACHEL BLUMENTHAL

*v.*

MOSES TANNENHOLZ.

1. The domicil of a legitimate, unemancipated minor is, if his father be alive, the domicil of the latter.

2. Where neither of the parties to a marriage resides here, this court will not take jurisdiction of a suit to annul the contract on the ground that the contract was made here.

3. An infant, whose parents resided in Canada, filed a bill to annul her marriage, on the ground of her husband's fraud and misrepresentation as to the effect of a Jewish ceremony performed in this state, which she at the time believed to be merely a betrothal. Her husband was domiciled elsewhere.—*Held,* that she was incapable of changing her own domicil, and that, consequently, the court had no jurisdiction.

Bill for decree annulling marriage. On final hearing on pleadings and proofs.

NOTE.—Unless expressly forbidden by statute, the rule of the common law, that fixes the age of marriage consent for males at fourteen, and for females at twelve, prevails in the United States, and such marriage, although without the parents' consent, is valid. *Bennett* v. *Smith, 21 Barb. 439; Parton* v. *Hervey, 1 Gray 119; Governor* v. *Rector, 10 Humph. 57; Warwick* v. *Cooper, 5 Sneed 659; Hargroves* v. *Thompson, 31 Miss. 211; Shutt* v. *Carloss, 1 Ired. Eq. 232; Askew* v. *Dupree, 30 Ga. 173; Fitzpatrick* v. *Fitzpatrick, 6 Nev. 63.* See *Harrison* v. *Southampton, 4 DeG. M. & G. 137; Sherwood* v. *Ray, 1 Moo. P. C. C. 353; Rex* v. *Birmingham, 8 Barn. & Cress. 29; Barker* v. *Taylor, 1 C. & P. 101; Cotten* v. *Rutledge, 33 Ala. 110; Hiram* v. *Pierce, 45 Me. 367; Ferrie* v. *Public Adm'r, 4 Bradf. 28; Ely* v. *Gammell, 52 Ala. 584.*

As to the civil law rule, see *Grigsby* v. *Louisiana Bk., 3 La. 491; Burr* v. *Wilson, 18 Tex. 367.*

*Query,* Whether there is any legal presumption that a wife is over fifteen years of age. *Bruce* v. *Arrington, 22 Ark. 362.*

Whether a parent can recover damages against a person who, without force or fraud, marries his child, when between twelve and twenty-one years of age, see *Goodwin* v. *Thompson, 2 Greene (Ia.) 329; Jones* v. *Tevis, 4 Litt. 25; Hervey* v. *Moseley, 7 Gray 479; White* v. *Henry, 24 Me. 531.*

For the English rule, see *Bevan* v. *McMahon, 2 Sw. & T. 58; Wells* v. *Cottam, 3 Sw. & T. 364, 593.*

But such marriage is void if any fraud or imposition be practiced on the infant. *Harford* v. *Morris, 2 Hagg. 423; Lyndon* v. *Lyndon, 69 Ill. 43; Aymar* v. *Roff, 3 Johns. Ch. 49; Ferlat* v. *Gojon, Hopk. Ch. 478;*

Blumenthal v. Tannenholz.

Mr. G. A. Hobart, for complainant.

THE CHANCELLOR.

This is a suit for a decree annulling a marriage for fraud. The parties are Jews. The complainant alleges that she was induced to enter into a contract of marriage here, without knowing it to be such, with the defendant, by the false and fraudulent representations of the latter to her, that the ceremony was a mere betrothal, such as is common among the Jews. Neither of the parties then resided in this state. The defendant does not now reside here. He has not been

---

Clark v. Field, 13 Vt. 460; Robertson v. Cole, 12 Tex. 356; Field's Case, 2 H. of L. Cas. 48.

Although an infant is not bound by a promise to marry (Pool v. Pratt, 1 Chip. 252; Hunt v. Peake, 5 Cow. 475; Hamilton v. Lomax, 26 Barb. 615; Feibel v. Obersky, 13 Abb. Pr. (N. S.) 402, note), yet the adult with whom such promise is made, is bound (Holt v. Ward, 2 Str. 937; Simmons v. Simmons, 8 Mich. 318; Willard v. Stone, 7 Cow. 22; Cannon v. Alsbury, 1 A. K. Marsh. 76; Warwick v. Cooper, 5 Sneed 659; Beelman v. Roush, 26 Pa. St. 509); and a female between eighteen and twenty-one years of age, may lawfully release a contract to marry (Develin v. Riggsbee, 4 Ind. 464). See Coxhead v. Mullis, L. R. (3 C. P. D.) 439.

A marriage between parties under the legal ages above stated, may be ratified by their living together after arriving at lawful age. People v. Slack, 15 Mich. 193; Coleman's Case, 6 City Hall Rec. 3; Koonce v. Wallace, 7 Jones Law 194; Shafer v. State, 20 Ohio 1; Beggs v. State, 55 Ala. 108; Cooley v. State, 55 Ala. 162; Walls v. State, 32 Ark. 565.

By the marriage of a minor, the guardian is discharged (Porch v. Fries, 3 C. E. Gr. 204; Sallee v. Arnold, 32 Mo. 532; Wood v. Henderson, 2 How. (Miss.) 393; Metcalf v. Lowther, 56 Ala. 312; Shutt v. Carloss, 1 Ired. Eq. 232; Beazley v. Harris, 1 Bush 533; Ex parte Post, 47 Ind. 142); unless such minor marry another minor (State v. Joest, 46 Ind. 235; Nicholson v. Wilborn, 13 Ga. 467; see Hopkins v. Virgin, 11 Bush 677); but it seems that a female ward in chancery is not, of course, discharged from the protection of the court, by marriage (Whitaker's Case, 4 Johns. Ch. 378); nor are her funds, while in court, liable to attachment for her husband's debts (Godbold v. Bass, 12 Rich. 202; see, also, Potter's Case, L. R. (7 Eq.) 484; White v. Herrick, L. R. (4 Ch.) 345).

A legitimate infant takes the domicil of its father (Andrews v. Herriott, 4 Cow. 516, note); although such infant be posthumous, and its mother again married (Oxford v. Bethany, 19 Conn. 229); or not actually residing with such parent (Adams v. Oaks, 20 Johns. 282; Parsonsfield v. Kennebunkport, 4 Me. 47; Ryall v. Kennedy, 40 N. Y. Sup. Ct. 347; Brown v. Lynch, 2 Bradf. 214; Helffenstein v. Thomas, 5 Rawle 209; Rex v. Lawford, 8 Barn. & Cress. 271).

It is said that by marriage a minor may acquire the domicil of his wife (Phillim. on Dom. 50; see Bucksport v. Rockland, 56 Me. 22).

Blumenthal v. Tannenholz.

served with process. The complainant was, when the suit was brought, and still is, a minor. Her parents reside in Canada. There is no evidence that she has been emancipated, but, on the other hand, the inference from the evidence is to the contrary. The only evidence adduced to prove that her residence is in this state, is her own testimony that she is a resident of Newark, and has resided there for the last eighteen months. Unless one of the parties was domiciled here when the suit was brought, the court has no jurisdiction in the case. *2 Bish. on Mar. and Div.* § *144.* The fact that the marriage took place here

---

A marriage contrary to the English act was held to be void, and that the wife could derive no settlement therefrom (*Chinham* v. *Preston, 1 W. Bl. 192; Rex* v. *Northfield, Doug. 634*); but in *Rex* v. *Birmingham, 8 Barn. & Cress. 29,* a marriage of a female pauper, brought about by the fraud of the parish officers, was held to confer a settlement in her husband's parish; see, however, *Barnes* v. *Wyethe, 28 Vt. 41;* and in *Johnson* v. *Huntington, 1 Day 212,* a lunatic pauper was held to have gained, by her marriage, a settlement in the state where her husband resided, although the marriage was null.

In *Lake* v. *South Caanan (Pa.), 18 Alb. L. J. 116,* the settlement of a divorced female pauper was held to be that of her husband; although by the desertion of her husband a woman may gain her own domicil (*Moffatt* v. *Moffatt, 5 Cal. 280; Johnson* v. *Johnson, 12 Bush 485*).

Under what circumstances, generally speaking, a woman may acquire a separate domicil, for the purpose of instituting proceedings in divorce, see *Cooley's Const. Lim. (4th ed.) 401;* also, *Hick* v. *Hick, 5 Bush 670; Craven* v. *Craven, 27 Wis. 418; Jenness* v. *Jenness, 24 Ind. 355; Vence* v. *Vence, 15 How. Pr. 497, 576; Hope* v. *Hope, 27 E. L. & E. 249; Dutcher* v. *Dutcher, 39 Wis. 651.*

In England, an infant may not sue for a divorce in his or her own name, but must do so by a *prochein ami* (*Barham* v. *Barham, 2 Hagg. 5; Du Terreaux* v. *Du Terreaux, 1 Sw. & Tr. 555; Beavan* v. *Beavan, 2 Sw. & Tr. 652; Morgan* v. *Thorne, 7 M. & W. 400*); and this rule has been followed in this country in some instances (*Wood* v. *Wood, 2 Paige 108, 454; E. B.* v. *E. C. B., 28 Barb. 299, 8 Abb. Pr. 44; Kenley* v. *Kenley, 2 How. (Miss.) 751*); although denied in others (*Jones* v. *Jones, 18 Me. 308; Besore* v. *Besore, 49 Ga. 378*). See *Anderson* v. *Anderson, 11 Bush 327; Adams* v. *Hannon, 3 Mo. 222; Worthy* v. *Worthy, 36 Ga. 45; Garnett* v. *Garnett, 114 Mass. 379; Crump* v. *Morgan, 3 Ired. Eq. 91.*

An infant widow may not be appointed administratrix of her husband's estate (*Collins* v. *Spears, Walk. (Miss.) 310; Wallis* v. *Wallis, 1 Wins. 78*); and if she should be allowed so to administer, she would not be bound personally on a note given by her for her husband's debt. *Poole* v. *Hines, 52 Ga. 500.* See, further, *Cobb* v. *Brown, Speer's Ch. 564; Carow* v. *Mowatt, 2 Edw. Ch. 57; Hindmarsh* v. *Southgate, 3 Russ. 324; Chapple* v. *Cooper, 13 M. & W. 252; Loop* v. *Loop, 1 Vt. 177.*—REP.

will not confer jurisdiction. *Id.* § *198.* The complainant, indeed, swears that she resides here, but she also swears that her parents reside in Montreal, in Canada, and have resided there for the past ten years, and that, when this suit was instituted, she was, and still is, a minor. She does not claim to have been emancipated from her parents, nor does she give any reason for her change of abode from Canada to New Jersey. Her domicil, therefore, must be adjudged to be that of her parents. The domicil of the legitimate unemancipated minor who is not *sui juris,* and whose will, therefore, cannot concur with the fact of his residence, is, if his father be alive, the domicil of the latter. *Phillim. on Dom. 37.* It is an undisputed position of all jurists, says that writer, that, of his own accord, *proprio marte,* the minor cannot change his domicil. *Ibid.* See, also, *Story on Confl. of Laws* § *46.* The burden of proof to establish the change of domicil on the part of the minor, is on him. *Id.* § *47.* It is not claimed that the complainant has gained domicil through her marriage. The defendant does not appear to have ever resided in this state.

The bill will be dismissed.