VAHAN DABAGHIAN v. THOMAS KAFFAFIAN AND MANNUSH KAFFAFIAN.

Argued February 16, 1904—Decided June 13, 1904.

The plaintiff's residence will be presumed to be where he alleges it to be, unless the contrary appear.

On application for change of venue.

Before Justices VAN SYCKEL and FORT.

For the motion, *Richard Boardman.*

*Contra, Henry J. Melosh.*

The opinion of the court was delivered by

FORT, J. The plaintiff's residence will be presumed to be where he alleges it to be, unless the contrary appear. The proofs taken on this rule do not establish that the plaintiff did not reside at Jersey City at the time this suit was instituted; nor do they show that he then resided at Paterson, as the defendant alleges. There is proof that at a certain time a certain witness saw the plaintiff at a residence in Paterson, but it is not clear whether that was his residence or the residence of his father. In any event that is but a single instance, and in no way controlling upon the question of the plaintiff's residence.

By section 202 of the Practice act (Revision of 1903), it is enacted that in transitory actions the case shall be tried in the county in which the cause of action arose or the plaintiff or defendant reside at the time of instituting such action.

No length of residence is required for any definite time prior to instituting the suit; if there be actual residence at the time of the institution of the suit, the case may be tried in the county where the plaintiff thus resides.

Residence under the statute, therefore, for the purpose of fixing the venue, means actual residence at the time of the institution of the suit, and actual residence is such residence as was defined by Judge Dayton, in this court, in *Cadwalader* v. *Howell*, 3 *Harr.* 138.

The county where a man, therefore, claims his actual residence to be, and in which he is actually resident at the time of the commencement of the suit, is one of the counties in which the plaintiff has the right to lay his venue for the trial of the action.

The motion to change the venue in this case is denied.