THOMAS STOKES ET AL. v. ALBERT HARDY.

Argued November 8, 1905—Decided February 26, 1906.

1. When the record of a cause removed from the Common Pleas to the Supreme Court by *certiorari* has been actually remitted by the Supreme Court to the Common Pleas for further proceedings, the latter court has authority to proceed therein, even though the formal order to remit has not been filed with its clerk.

2. The file-mark of the clerk of the court will not countervail a recital by the court itself as to the filing of the paper upon which the order containing the recital is based.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Freeman Woodbridge.*

For the defendant, *Aaron V. Dawes.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* in this case brings up an order of the Middlesex Common Pleas, made April 25th, 1905, discharging the defendant as an insolvent debtor under the proceedings of that court, which had been reviewed by the Court of Errors and Appeals in *Stokes* v. *Hardy,* 42 *Vroom* 549. The proceedings then before the Court of Errors and Appeals were those leading up to and including an order for the discharge of the debtor, and the *remittitur* which came to the Common Pleas from the Supreme Court in pursuance of the judgment of the Court of Errors and Appeals declared that all of those proceedings should be affirmed, except so much as discharged the defendant from imprisonment, and directed that so much of said order should be reversed and the record remitted to the Common Pleas to be proceeded on according to law. According to that judgment, as explained by the opinion of the court in 42 *Vroom* 116, the only illegality in the proceedings of the Common Pleas was in discharging the debtor before he had made due assignment of his property. The affirmance of the other proceedings required such discharge to be ordered when due assignment was made.

In view of this *remittitur,* the first nine reasons and the fourteenth reason now presented for the reversal of the present order are precluded by the judgment of the Court of Last Resort.

*44 Vroom.*                    Stokes v. Hardy. .

The tenth reason assigned for reversal is that the *remitti-tur* had not been filed in the Court of Common Pleas when the order for discharge was made.

The only evidence of this is the file-mark of the clerk of the Common Pleas. The order of the court recites that the record had been previously remitted from the Supreme Court to the Common Pleas, and this record was sufficient to enable the Common Pleas to proceed, even though the *remittitur* itself had not been filed with its clerk.

The eleventh reason is that the order for the debtor's discharge was not filed within the time required by law or the rules of the court. We know of no law or rule of the Common Pleas to support this reason.

The twelfth reason is that the assignment executed by the debtor was not filed with the clerk before the making of the order for his discharge.

The Insolvent Debtors' act (*Gen. Stat., p.* 1726, § 11) directs that, on making the assignment and filing it in the clerk's office, the court may, by writing under their hands and seals, direct the discharge of the debtor. No such writing appears in the present case. But the Court of Errors and Appeals, in the opinion above mentioned, seems to have regarded an order to discharge entered in the minutes as the legal equivalent. The order now before us recites that the assignment had been previously filed by the clerk, and we cannot regard the file-mark of the clerk as countervailing this declaration of the court itself. That mark is not essential to the filing, which is complete when the paper is properly deposited with the clerk (*Hunter* v. *Caldwell,* 10 *Q. B.* 69), and the file-mark is only presumptive evidence of the date of filing. 8 *Encycl. Pl. & Pr.* 927.

The thirteenth reason is because the affidavit of the assignee to the assignment was taken before the attorney of the debtor. Section 22 of the Insolvent Debtors' act requires this oath to be taken immediately after the assignment is

made, but it is not an essential preliminary to the order for discharge.

We find no sufficient reason for the reversal of the order, and it is affirmed, with costs.