SOLOMON R. GUGGENHEIM, PROSECUTOR, v. CITY OF LONG BRANCH ET AL.

Submitted March 18, 1910—Decided June 16, 1910.

1. The prosecutor having established his residence in this state, and voted and paid taxes on his personal property here in 1905, and having sworn off his taxes in New York City for the same year upon the ground that he was a resident of Long Branch, will be presumed, in the absence of competent evidence to the contrary, to have continued his residence there for the succeeding year, and an assessment imposed upon him for that year, which was confirmed by the county board and the state board upon appeal after consideration of the question of residence, is affirmed.

2. For the purposes of taxation the question of residence may be determined by the well-settled rule which establishes the fact by the conduct of the party as evidencing the *animus manendi*.

3. A legal residence once established will be presumed to continue until the contrary be satisfactorily shown.

On *certiorari*.

Before Justices TRENCHARD and MINTURN.

For the plaintiff, *Thomas P. Fay*.

For the respondents, *John W. Slocum*.

The opinion of the court was delivered by

MINTURN, J. The board of assessment and revision of Long Branch, the county board of taxation and the board of equalization of taxes of the state, having successively imposed and confirmed an assessment of $40,000 for the year 1906 upon the personal property of the prosecutor, he, by this writ, attacks the assessment upon the ground that when it was levied he was not a resident of the taxing district. Both the county board and the state board, upon the evidence presented to them, found this fact against him; but, pursuing the suggestion as to practice contained in the opinion in *Royal Manufac-*

*turing Co.* v. *Rahway,* 46 *Vroom* 416, he has caused his testimony to be taken by deposition before a commissioner under the provisions of the amendment to the *Certiorari* act. *Pamph. L.* 1907, *p.* 95.

The record of the proceedings of the state board conveys the information that upon four different occasions, covering a period of over five months, that board retained this case, adjourning intermittently from Trenton to Long Branch, at the request of the prosecutor's counsel, to afford an opportunity to the prosecutor to give testimony as to his residence, and that upon each occasion he failed to appear. That board found as a fact that as to $6,000 of the assessment no controversy existed, and that the remaining $34,000 only was the subject of contention. It also found that in 1905 the prosecutor was a resident of Long Branch and voted there. That during that year he was assessed in the city of New York for personal property by the taxing authority there, and then filed an affidavit with that body, claiming exemption upon the ground that he was a resident of Long Branch; and that the New York assessment was thereupon canceled. That the prosecutor paid his taxes for 1905 in Long Branch upon an assessed valuation of $40,000, and that he was assessed again in 1906 upon a similar valuation, that assessment being the subject of this controversy.

The act of 1907 requires us to consider, in conjunction with the record of the tax board, the additional testimony submitted by the prosecutor and taken upon deposition, for without such additional testimony, we should determine the case upon this record adversely to the prosecutor upon the finding of fact by the state board, unless it be apparent that by so doing some legal principle would be contravened. *Union* v. *Hudson County Board of Taxation,* 48 *Vroom* 178; *Colonial Trust Co.* v. *Scheffey (Per Curiam,* 69 *Atl. Rep.* 455); *Kenilworth* v. *Board of Equalization,* 49 *Vroom* 302.

Our consideration of the prosecutor's testimony has not resulted in causing us to dissent from the conclusion reached by the state board, for in no part of his testimony do we find a positive and affirmative declaration by him satisfactory to us

that in the year 1906 he resided elsewhere than in this state. For some years he maintained a summer residence at Long Branch, and in 1905 he paid personal taxes and voted there; and testified, by affidavit filed in New York City before the local taxing board, that he was not subject to taxation there for the reason that he then was a resident of Long Branch. In 1906 he did not vote anywhere, but resided for some weeks at Long Branch, reaching there in May and leaving his children there at his home, while he, with his wife, undertook a trip to Alaska, returning in October. During the week ends in the winter he returned to Long Branch, keeping his house open during winter; but he was uncertain whether that course of conduct was during the winter of 1906 or 1907. His reason for changing his residence from Long Branch to New York in 1906 he states was the inconvenience of the trip from his business place in New York to Long Branch, and because his vote was required more in New York than here.

One of the Long Branch assessors testified that he visited the office of the New York tax board in February or March, 1906, and that upon inquiry there the officer in charge produced the tax books for 1906, which the witness read, showing that at that time, according to the New York tax records, the prosecutor was a resident of New Jersey.

There is also testimony going to show that during that year the prosecutor was assessed in New York only upon his office furniture and fixtures at the sum of $17,000.

At no time during the interim from 1905 until 1907 did the prosecutor, by word or act, indicate to anyone, and particularly to the taxing authorities of Long Branch, that he had determined to take up his residence elsewhere.

That residence is a question of *bona fide* intention upon the part of the citizen, and where doubt exists as to its proper *situs*, the *animo revertendi* of the claimant is decisive in establishing it, was determined by this court as early as 1840 in the case of *Cadwalader* v. *Howell*, 3 *Harr.* 138. That adjudication is also authority for the proposition that a residence in law once obtained continues without intermission until a new one is gained. *Ibid.*, 144.

That case has been followed with approval in *Clark* v. *Likens,* 2 *Dutcher* 207; *State, Beckett,* v. *Bordentown,* 3 *Vroom* 192; *Stout* v. *Leonard,* 8 *Id.* 492; *Harrall* v. *Harrall,* 12 *Stew. Eq.* 279; *Valentine* v. *Valentine,* 16 *Dick. Ch. Rep.* 400; *Watkinson* v. *Watkinson,* 2 *Robb.* 632; *Firth* v. *Firth,* 5 *Dick. Ch. Rep.* 137.

In *Watkinson* v. *Watkinson, ubi supra,* the Court of Errors and Appeals, speaking by Judge Vroom, in treating of the question of domicile as a basis for jurisdiction under our Divorce act, quotes with approval the language of Mr. Justice Depue in *Harrall* v. *Harrall, ubi supra,* that "to the *factum* of residence must be added the *animus manendi,* and that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home," and continuing, the court says: "The doctrine laid down by the courts of the United States is that a domicile having been once acquired continues until a new one is actually acquired *animo et facto.*" 10 *Am. & Eng. Encycl. L.* 15. And while, in determining the *animus manendi,* the declarations of the claimant are material and important, yet, as was said by Vice Chancellor Van Fleet in *Firth* v. *Firth, ubi supra,* "the best and most trustworthy evidence of it is to be found as a general rule in his acts rather than in his declarations."

To the same effect is 14 *Cyc.* 858 and cases cited, illustrative of the maxim which received its first notable application in the Six Carpenters case, *acta exteriora indicant interiora secreta.* 6 *Bac. Ab.* 559.

The application of these principles to the testimony, as well as to the conduct of this prosecutor upon this issue, satisfies us that the judgment reached by the state board was correct and should be affirmed.