GERTRUDE ZINSSER, petitioner,

*v.*

RUDOLPH ZINSSER, defendant.

[Decided July 30th, 1920.]

1. Under *P. L. 1902 p. 259*, and under its general jurisdiction over the custody of the persons of infants which the chancellor exercises as *parens patriæ*, a court has jurisdiction over the custody of the person of an infant domiciled in this state, though the father was a non-resident of the state and the mother had separated from him and brought the child with her into this state.

2. On petition for the custody of a two-year-old girl, evidence that the mother had separated from the father because of his mistreatment of her, and that even visiting the father affected the child's health—*Held,* to warrant an order giving the custody of the child to her mother.

On petition for custody of a child.

*Mr. Alexander Simpson,* for the petitioner.

*Mr. Samuel Untermyer* and *Mr. Frank P. McDermott,* for the defendant.

LEWIS, V. C.

This application for the custody of an infant child, Marie Louise Zinsser, was heard before me on petition filed by the

mother of the infant. It appeared from the petition and affidavits that the mother was living at the present time with her father in the city of Passaic, New Jersey; that she had separated from her husband at his residence in the city of New York. The mother had taken the child at the time of her separation from her husband to the residence of her father in Passaic. The petitioner and defendant had had differences which resulted in the separation on the 26th day of May, 1919.

At the outset of the case, the defendant's counsel appeared, specially, challenging the jurisdiction of the court on this ground: The father of the infant defendant, being a resident of New York and not before the court, the court, therefore, was without power in the premises to make an order relative to the custody of the infant. I am unable to see how this view could prevail.

The proceedings in this case are on petition under the statute, and the child and mother are both domiciled in this state, the child having been born in the state. *In re Williams, 77 Atl. Rep. 350; P. L. 1902 p. 259.* It is not, however, the limited jurisdiction upon the petition which is invoked alone but it is the general jurisdiction over the custody of the person of infants which the chancellor exercises as *parens patriæ*.

The breadth and nature of this jurisdiction has been elucidated in many of our cases. *Baird* v. *Baird, 19 N. J. Eq. 481; Rossell* v. *Rossell, 64 N. J. Eq. 21; Cunningham's Case, 61 N. J. Eq. 454.*

Subsequently, an order was made by the chancellor referring the cause for hearing to me, and at the time of this hearing, there was no appearance by the defendant. The mother gave testimony to the effect that owing to the conduct of the defendant and his treatment of her, that her health was endangered and her life rendered miserable. For this reason she was obliged to depart from her home in New York. Her testimony was fully corroborated by the nurse in attendance on her child and by her family physician.

Evidence was also offered to prove that the husband had refused to take his wife back to his home in New York and had brought a suit against her in the State of New York. It ap-

peared also that a writ of *habeas corpus* for the custody of the child had been issued in New York on behalf of the father.

After the separation, the child from time to time was sent to New York to the father's home, spending the night there. Upon the advice of physicians, the mother discontinued these visits of the child to the father, on the ground that it was injurious to the child's health and welfare. Evidence in corroboration of this was offered by the mother, the nurse and the physician.

After hearing an order was made by me giving the custody of the child to the mother, and there was also a provision in this order that the father might at any time apply for an order of this court permitting visitation to the child at the Passaic home of the mother.

The child is but two years old—a little girl—and it is quite apparent to me from the testimony that her welfare would be promoted by the custody being lodged with the mother.

The case presented is one which seems to me to be clearly within the jurisdiction of this court.