The defendant was arrested upon a complaint before a recorder in proceedings instituted in the latter part of June, 1926, by one Elizabeth Packard. He was discharged from custody by the recorder upon giving bond for $1,000 for his appearance on June 28th, 1926. On that date, defendant appeared with his counsel before the recorder, and the proceedings were again adjourned until July 12th, 1926; but as the defendant was leaving the court room he was again arrested and taken into custody by a deputy sheriff upon the writ of ne exeat which had been meantime issued out of this court in the present suit brought against the defendant by the petitioner, Lynda Michelin. The counsel for the petitioner in the present suit in this court also represented Elizabeth Packard, the complainant in the proceedings before the recorder, and the facts and status of both proceedings must necessarily, therefore, have been within his knowledge.
This application to vacate the writ of ne exeat is based upon the proposition that the defendant, while voluntarily *Page 65 
in attendance upon the recorder's court, was privileged from arrest upon process issuing out of this court.
The situation thus presented, therefore, calls for the determination of the question whether or not the defendant is subject to arrest upon a capias issued in a civil proceeding, while voluntarily in attendance upon another court to protect his legal rights as a defendant in a criminal proceeding therein.
In my judgment, the situation comes clearly within the undoubted policy of our law to protect parties to suits from just such action as is complained of here, in the interest of the administration of justice by our courts. See Michaelson v.Goldfarb, 94 N.J. Law 352, and cases cited; Prescott v.Prescott, 95 N.J. Eq. 173.
I will therefore advise a decree vacating the writ of neexeat, and discharging the defendant from arrest and custody by virtue of its service in the manner indicated, and the cancellation of any bond that may have been given by him in pursuance of such arrest.