My consideration of the matters sub judice actuates me in determining that the relief prayed by the defendant, Edwin W.K. Golde, in the habeas corpus proceeding must be granted; also, that said defendant's application to vacate the writ of neexeat and the citation issued in a divorce proceeding instituted against him by his wife, Edna L. Golde, must be granted. The case of Michelin v. Michelin, 100 N.J. Eq. 64, appears to me applicable to and dispositive of said matters. In said case Vice-Chancellor Lewis held that a defendant is not subject to arrest on a capias issued in a civil proceeding while voluntarily in attendance upon another court to protect his legal rights as a defendant in a criminal proceeding therein. The defendant, Golde, was indicted by the Bergen county grand jury on the charge of having deserted and willfully neglected and refused to provide for the support and maintenance of his wife and two children who were alleged to have been in destitute and necessitous circumstances. The defendant and his wife and two children resided together in Bergen county, New Jersey, up to October, 1928, when he left them and went to live in New York where he has resided ever since. His wife and children continue to reside in Leonia, New Jersey. The aforesaid indictment is based on chapter 61 of the laws of 1917. On April 2d 1931, Mrs. Golde appeared before the Bergen county grand jury and made complaint against her husband as above stated, and indictment against the defendant resulted. It appears that she testified before the grand jury that the desertion complained of took place on March 5th, 1931. In an affidavit filed in this court by Mrs. Golde, verified April 27th, 1931, upon which a writ of ne exeat
issued on April 29th, 1931, she made oath that her husband deserted her and her two children in October, 1928, in Leonia, Bergen county, New Jersey. Under the indictment thus obtained the defendant *Page 521 
was arrested in the city of New York with a view of effecting his removal to New Jersey under extradition proceedings. Rather than await such proceedings the defendant waived his rights and accompanied the New Jersey officer who apprehended him to Hackensack, New Jersey, where he pleaded "not guilty" to the indictment and gave bail in the sum of nine hundred dollars ($900) to await trial. Thereafter he was notified by mail that his case would be called for trial on May 15th, 1931, and on said date he attended before the court to answer the aforesaid indictment. Shortly after the trial proceeded, and after Mrs. Golde was sworn and testified as a witness for the state, whereupon it was made manifest to the court that Golde had not deserted his wife and children on March 5th, 1931, the court, upon motion of the defendant's attorney, acquitted the defendant of the offense alleged in said indictment. There is a conflict in the proofs before me as to whether the defendant was served with the writ of ne exeat and citation which issued from this court in the divorce suit which Mrs. Golde instituted against her husband on April 29th, 1931, after he left the court room and while within the Bergen county court house, or was served therewith on the steps of the court house leading to the street. It is of no moment herein. Upon being brought into court under the writ of habeas corpus Golde was again liberated on bail pending a determination of the legality of the proceeding attending his arrest under the authority of said writ. The defendant, Golde, as did the defendant in the case of Michelin
v. Michelin, supra, in applying to vacate the writ of neexeat and the citation served upon him in the divorce proceeding aforesaid, relies upon the proposition of law that while voluntarily in attendance upon the Bergen county court, in which he appeared to protect his legal rights as a defendant in a criminal proceeding based upon the aforesaid indictment, he was privileged from arrest upon the writ of ne exeat and from service of the citation issued in the divorce suit. I am of the opinion that the above-stated legal proposition is unquestionably sound. As stated by Vice-Chancellor Lewis in the Michelin Case
the situation of the defendant herein *Page 522 
"comes clearly within the undoubted policy of our law to protect parties to suits from just such action as is complained of here, in the administration of justice by our courts." The vice-chancellor refers to the case of Michaelson v. Goldfarb,94 N.J. Law 352, and cases cited, and to the case of Prescott
v. Prescott, 95 N.J. Eq. 173, in support of said proposition. In Michaelson v. Goldfarb, supra, it was held to be a practical rule of public policy in this state that a party to a suit, while necessarily going to, staying at, or returning from the court, is equally privileged from the service of a summons or of a capias in a civil proceeding, and that the rule is applicable to a defendant under indictment and at large on bail, who has not been brought into the state by extradition from another state as a fugitive from justice. The court (opinion by Mr. Justice Parker) distinguishes the case of Rutledge v.Krauss, 73 N.J. Law 397, and disapproves the case of NetographManufacturing Co. v. Scrugham, 197 N.Y. 377. I consider such to be the established law of this state. Mr. Justice Parker inMichaelson v. Goldfarb, supra, aptly says: "It can readily be seen that defendants under bail would be tempted to evade our courts if they are aware that by voluntarily coming here to face an indictment, they are rendering themselves liable to summons orcapias in a civil action." In the case of Rutledge v.Krauss, supra, it appears that the defendant was surrendered to this state by the executive of the state of New York as a fugitive from justice, thus distinguishing said case from the case sub judice wherein the defendant, Golde, was not surrendered in extradition proceedings but voluntarily came to New Jersey to answer the aforesaid indictment.
I will advise an order discharging the defendant, Golde, from his arrest and detention under and by virtue of the writ of neexeat, and discharging the bail given in the habeas corpus
proceedings. I will also advise an order vacating the writ of neexeat and the citation issued in the divorce proceedings wherein Edna L. Golde is petitioner and Edwin W.K. Golde is defendant, docket 84, page 236. *Page 523