The duly verified petition in this case sets forth that petitioner and defendant are husband and wife and that they have lived together as such at Browns Mills, Burlington county, New Jersey, from the time of the marriage in 1924 until September 16th, 1932; that upon that date the wife deserted petitioner without just cause and took with her the two infant children of the marriage and has since refused to return to the petitioner or to allow him to have the children or even to see them.
The prayer is for a writ of habeas corpus for the production of the children and for an order awarding the custody of the children to the petitioner, or for such other order as to the care and custody of the children as shall be just and proper.
Writ of habeas corpus was allowed, and a writ of ne exeat
against the wife was also issued. Both writs were served upon the wife at Browns Mills aforesaid on March 22d, and bond was given by the wife on that day pursuant to the terms of the ne exeat.
Application is now made to discharge or vacate both writs and the orders for the issuance thereof, and to set aside the service thereof, on the ground that at the time and place of such service the wife was privileged and immune from the service of such writs, she alleging that she was then and there a non-resident of the State of New Jersey, and was attending at the time and place in the prosecution of a criminal complaint which she had made against her husband.
The grounds alleged, of course, afford no basis for quashing or discharging the writs or vacating the orders for the writs — whatever may be the result as to whether or not the service of the writs shall be set aside.
The general principle of the privilege and immunity of *Page 602 
parties and witnesses from the service of process or arrest in a civil case, while attending court in this state, is unquestionably a part of the law of this state. Halsey v.Stewart, 4 N.J. Law *366; Massey v. Colville, 45 N.J. Law 119;Michaelson v. Goldfarb, 94 N.J. Law 352; 110 Atl. Rep. 710;Prescott v. Prescott, 95 N.J. Eq. 173; 122 Atl. Rep. 611;Michelin v. Michelin, 100 N.J. Eq. 64; 135 Atl. Rep. 150;Golde v. Golde, 108 N.J. Eq. 519; 155 Atl. Rep. 677.
The rule is a rule of public policy. Michaelson v. Goldfarb,supra. The rule as stated in that case (and as well also inHalsey v. Stewart, supra), is "that a party to a suit while necessarily going to, staying at, or returning from the court" is privileged.
It is evident from the decisions that the privilege extends to witnesses as well as parties. It will be assumed that it extends to the prosecuting witness in a criminal case.
In the argument on behalf of the husband, it is strongly urged that the wife has not proved that she is a non-resident of New Jersey, and that hence she has not proved herself entitled to the privilege.
The privilege is not limited solely to non-residents; it may also be invoked by residents. The relief granted, however, is different in the case of the resident from that in the case of the non-resident. The latter is entitled to have the service set aside; the former is only entitled (except in some unusual case) to be protected as to the venue of the action. Massey v.Colville, supra. The question as to the wife's residence is therefore important, since she is seeking not a mere change of venue, but the absolute setting aside of the service.
There is also the question as to whether the circumstances in the instant case, with regard to her presence at the time and place of service, come within the scope of the rule, so as to entitle her to ask any relief in the matter.
As to both issues, the burden of proof is of course upon the wife.
First as to residence. The wife's affidavit is that she moved from New Jersey into Pennsylvania on September *Page 603 
16th, 1932, and is now, and has been continuously since that date, a bona fide resident of the State of Pennsylvania. There are corroborating affidavits on this point by two residents of Philadelphia. None of these affidavits state the place of the wife's residence except as in Philadelphia. However, it may be assumed that she has been living in Philadelphia during the period mentioned.
Residence, however, is a very different thing from the mere place of abode at a given time or period. I think there can be no doubt but that residence, as a factor in the rule in question, is the same as citizenship or domicile. It was determined inDabaghian v. Kaffafian, 71 N.J. Law 115; 58 Atl. Rep. 106,
that residence, for the purpose of fixing venue means actual residence as defined in Cadwallader v. Howell,18 N.J. Law 138, and the latter case defines it as practically tantamount to domicile.
Where such residence or domicile is once established it is presumed to continue unless there be proof establishing the acquisition of a new domicile or residence; and to establish the latter more than a mere change of abode is requisite. The change of abode must be animo manendi. Watkinson v. Watkinson,68 N.J. Eq. 632; 60 Atl. Rep. 931; Guggenheim v. Long Branch,80 N.J. Law 246; 76 Atl. Rep. 338; affirmed, 83 N.J. Law 628;84 Atl. Rep. 21.
In the instant case the matrimonial domicile was admittedly at Browns Mills, New Jersey, from the time of the marriage in 1924 until the wife left in September, 1932. She says she then "moved from" New Jersey into Pennsylvania, with the two children, and "has been a resident" of Pennsylvania ever since. This does not prove the acquisition of a new domicile. There is no proof whatever — not even by the wife's own statement — that she had any intent to remain — any intent to establish her domicile in Pennsylvania (assuming that she had legal right and power so to do).
On the contrary in the criminal complaint which she swore out before the township recorder against her brother-in-law *Page 604 
and her husband — in the very proceeding upon which she relies for her claim of privilege — she stated her residence, under oath, as "Browns Mills, township of Pemberton, Burlington county, State of New Jersey," and this was just two days before the service of the writs now sought to be set aside. This in itself would seem sufficient to be dispositive of her present application. Having thus given her residence as Browns Mills, New Jersey, when she commenced the legal proceedings against her husband, she cannot now be heard to contradict this for the purpose of avoiding other legal proceedings brought by her husband against her in the same place.
Moreover. it is not perceived that the wife could acquire a domicile in Pennsylvania, under the facts before the court — at least so far as concerns the present application. The uncontradicted proofs are that the matrimonial domicile was at Browns Mills; that she deserted that domicile and her husband in September, 1932, against his will and without any just cause; taking the two children with her; that she has ever since remained away against the husband's will and in spite of his repeated efforts to have her return, and has refused to disclose to him the whereabouts of her abode or that of the children and has refused even to let him see the children.
Under these circumstances the wife has not acquired a new domicile, because she could not (as against her husband at least), under the law of this state. The domicile of the wife is the domicile of the husband — and she can acquire a separate domicile only by his consent, acquiescence or abandonment or by conduct on his part amounting to a matrimonial offense. Rinaldi
v. Rinaldi, 94 N.J. Eq. 14; 118 Atl. Rep. 685; In re Geiser,82 N.J. Eq. 311; 87 Atl. Rep. 628.
Neither Zinsser v. Zinsser, 92 N.J. Eq. 491;113 Atl. Rep. 520, nor Golde v. Golde, supra, cited on behalf of the wife, are in anywise contrary to the law as thus laid down by the late Chancellor Walker. In the Zinsser Case the husband had been guilty of a matrimonial offense — cruel treatment *Page 605 
of the wife — justifying her leaving him and enabling her to acquire a separate domicile. In the Golde Case the domicile of the wife was not in question. The matrimonial domicile had been in New Jersey, and it was the husband, not the wife, who left and acquired a new domicile in New York (nor is there anything to show that his so doing was in anywise wrongful or unjustifiable).
It clearly appears therefore that the wife is not a bona fide
non-resident entitled to immunity from the service of civil process or writs when in this state necessarily for attendance at court. On the contrary, under the facts as shown, she is legally a resident of the very place where the writs were served on her; she has attempted to abscond from her residence and conceal herself and the children — and has committed two matrimonial offenses against him and seeks to deprive him of any and all opportunity to have any redress in any court.
The rule which she seeks to invoke was certainly never intended for the benefit of any such person. The husband's suit is a suit against his wife, and the state of the matrimonial domicile is pre-eminently the place for its litigation. The suit involves the custody of the two infant children. Their domicile is that of their father (Blumenthal v. Tannenholz, 31 N.J. Eq. 194), and this state is therefore the proper place for litigation involving their custody.
In view of the conclusions arrived at with respect to the wife's residence it is unnecessary to determine whether or not the circumstances of her attendance in this state at the time of the service of the writs was such as would entitle her to immunity if she had been a non-resident. It may be pointed out, however, that the rule as stated in the authorities grants the immunity to the person "while necessarily going to, staying at, or returning from court." In the instant case the wife was not doing any of these things; she had come at the request of state troopers, in order to identify articles which she claimed had been stolen. It seems at least doubtful that the rule of privilege extends to such circumstances. *Page 606 
The wife in one of her affidavits makes a charge, impliedly if not expressly, that she was tricked by the husband into her attendance at Browns Mills. Whether, if this were true, the service should for that reason be set aside under the authority of Williams ads. Reed, 29 N.J. Law 385 (in which case the person tricked was a non-resident of New Jersey), need not be considered. The proofs do not support the charge, and the point was not raised on the argument.
No question arises as to any change of "venue." The wife's residence is established at the very place of service of the writs — at Browns Mills, in Burlington county. Under the "vicinage rule" (chancery rule 130, paragraph 5 a) application for, and the return of, the writs in the present case was properly made at the chancery chambers in Trenton.
The application will be denied as to both writs, with costs.