OTIS M. HOWE, Respondent, *v.* JOHN M. VAN HEUSEN, Appellant.

First Department, November 28, 1924.

Process — motion to set aside service of summons on ground that it was made on defendant, non-resident, while in attendance as witness at trial in this State — defendant came voluntarily as witness and remained throughout trial at request of attorney in order to give further testimony if necessary — defendant performed no other business here and left immediately at close of trial — defendant was immune from service — service set aside.

The service of a summons on the defendant, a resident of the State of Massachusetts, will be set aside on the ground that he was immune from service, since it appears that the defendant came to this State voluntarily to testify in an action pending in our courts; that after being examined and cross-examined, he was directed by the attorney for the plaintiff, at the request of the attorney for the defendant, to remain throughout the trial in order to give further testimony if necessary; that the service was made on the defendant the day following his examination and cross-examination; that the defendant had no other business in this State and did no other business here during the time he was in attendance at the trial, and that the defendant left this State immediately at the close of the trial which lasted for a period of four days.

APPEAL by the defendant, John M. Van Heusen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on

the 4th day of October, 1924, denying his motion to vacate and set aside the service of the summons herein which was made on the ground that at the time of such service the defendant was privileged from process because of non-residence in the State, the defendant, at the time of the service of process, being in attendance in the State of New York as a witness in the trial of an action.

*Chadbourne, Stanchfield & Levy,* appearing specially [*William M. Parke* of counsel], for the appellant.

*Thomas H. Mahony,* for the respondent.

MERRELL, J.:

In his affidavit in support of his motion to vacate the service of the summons, the defendant stated that he was a resident of the city of Boston, in the State of Massachusetts, and that on Saturday, June 14, 1924, he voluntarily came to the city of New York from Boston, Mass., for the sole purpose of testifying as a witness at the trial of two actions pending in the United States District Court for the Southern District of New York; that upon his arrival in the evening of June 14, 1924, the defendant went immediately to the Belmont Hotel in the city of New York, and on the day following, Sunday, went over his proposed testimony in the said actions; that the trial of said actions, both of which were tried together, commenced on Monday, the 16th day of June, 1924, and were tried by a Mr. Charles Neave in behalf of the plaintiffs and by a Mr. Odin Roberts, of Boston, in behalf of the defendants. The defendant further stated in his affidavit that he was placed on the witness stand in behalf of the plaintiffs and gave testimony in the trial of said actions during the afternoon of June 16, 1924, and that at the close of his testimony on said Monday afternoon, after the witness was cross-examined by the attorney for the defendants, the latter stated to counsel for the plaintiffs that he would not press the cross-examination further at that time, but requested that the defendant be held here so that if any further cross-examination occurred to him during the course of the trial he could subject the defendant thereto; that under instructions from counsel for the plaintiffs the defendant remained subject to further examination as a witness in the actions. The defendant further stated in his moving affidavit that in expectation of being called he attended in court all day Tuesday, June 17, 1924, and Wednesday, June 18, 1924, and during the morning of Thursday, June 19, 1924; that in the afternoon of June 19, 1924, the trial of the actions was completed, and it having developed that further examination of the defendant as a witness, either

direct or cross, would not be required, immediately upon the close of the trial the defendant returned to his hotel, collected his baggage, and took the five o'clock boat to return to Boston. Defendant stated in his affidavit that during his sojourn in New York on the days mentioned he transacted no business whatever, his sole and only purpose being to give testimony upon the trial of the said actions, and that as soon as said trial was finished, and he was relieved of attendance thereat, he returned to his home in Boston. Defendant further stated that on Tuesday morning, June 17, 1924, in the United States Post Office Building, wherein the District Court of the United States for the Southern District of New York was held and where said actions were being tried, while defendant was in attendance at said trial, he was served with a copy of an alleged summons and complaint herein; that upon his return to Boston he consulted his attorney, who later communicated· with the attorneys for the defendant, appellant, on this appeal, who appeared specially for the defendant for the purpose of moving to set aside the service of said summons and for no other purpose. Defendant further stated in his affidavit that an action concerning the same subject-matter as was set forth in the complaint herein brought by the plaintiff was pending in the State of Massachusetts at and prior to the time of such attempted service upon the defendant of the summons and complaint herein, and that immediately subsequent to said attempted service said Massachusetts action was discontinued.

The affidavit of the defendant is corroborated by the affidavit of the counsel for the plaintiffs in the actions which were on trial in the United States District Court wherein the defendant testified as a witness, and in the affidavit of said counsel it is stated that the defendant was an important witness in said actions, and that said counsel requested the defendant to attend as a witness in behalf of the plaintiffs and had advised the defendant that the cases would probably be reached for trial on June 16, 1924, and that the defendant should be certain to be here at the opening of court on that day; that the defendant voluntarily appeared in response to the request of counsel as a witness and gave testimony in the actions in the afternoon of Monday, June sixteenth, and that at the end of his cross-examination by counsel for the defendants therein on said June 16, 1924, it was arranged between defendants' counsel and Mr. Neave that the defendant herein should remain on hand and in court during the trial of the actions, subject to further examination by either party, and that defendant was informed thereof, and that said counsel for the plaintiffs in said actions told him that he would have to remain in court throughout

the trial; that the trial of said actions continued until Thursday afternoon, June 19, 1924, and that the defendant continued in attendance at said trial up to the recess on Thursday noon, at which time counsel told him that his presence was no longer required.

The averments contained in the moving affidavits are not seriously controverted by the plaintiff herein, but it is claimed by the plaintiff and the court at Special Term held that the defendant did not remain in the New York jurisdiction as the result of the direction of the court, and that his privilege obtained only for a reasonable length of time after testifying, the court apparently holding that the defendant in remaining in this jurisdiction until the morning following the giving of his testimony lost the immunity which he enjoyed from service of process as a witness attending from a foreign State. I am of the opinion that under the circumstances under which the defendant voluntarily came and remained in the New York jurisdiction as shown by his affidavit he was privileged from service of process at the time of the attempted service of the summons and complaint herein, and that after giving his testimony at the trial he left this jurisdiction within a reasonable time to preserve his immunity. (*Powelson* v. *Proctor & Gamble Co., No. 1,* 200 App. Div. 447.)

The respondent seeks to uphold the order appealed from upon the authority of *Sizer* v. *Hampton & Branchville R. R. Co.* (57 App. Div. 390). In that case the court stated, with reference to the privilege accorded to a witness from a foreign State and its continuance during the performance of his duty, that: " While this privilege undoubtedly exists during the time necessary for the performance of the duty which brought the party into the State, it does not last for any longer time than is necessary to enable him to accomplish what he came to the State for and go back to his home with reasonable expedition. * * * We cannot say * * * that the court erred in concluding that, being here solely as a witness, there was no occasion for him to remain after the testimony was closed and he forfeited his privilege by thus remaining."

I think the *Sizer Case* (*supra*) is an authority in support of the contention of the appellant herein under the circumstances under which he remained in the New York jurisdiction. The defendant came here voluntarily as a witness for the plaintiffs on the trial of actions in the United States District Court in the city of New York. He was examined as a witness upon the trial, and after testifying he was told by counsel for the party in whose behalf he had testified that he must remain during the balance of the trial in readiness to give further testimony if required. Under such circumstances he was not at liberty to leave the trial, and we

think the Special Term improperly held that he did not, within a reasonable time, leave this jurisdiction and return to his home in Massachusetts.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.