MAY L. KUTSCHINSKI, petitioner-respondent,

*v.*

FREDERICK W. KUTSCHINSKI, defendant-appellant.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. Frederick W. Kutschinski, pro se,* for the defendant-appellant.

*Messrs. Stuhr & Vogt,* for the petitioner-respondent.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from two orders entered in the court of chancery advised by Vice-Chancellor Fielder.

The petition for divorce was filed by the respondent against the appellant and an application was made thereunder for alimony and counsel fees *pendente lite.* The application for alimony and counsel fees was filed on March 29th, 1932, and a rule to show cause was granted thereon advised by Vice-Chancellor Fallon. A notice was served upon counsel for

the petitioner by the defendant dated April 20th, 1932, that the defendant would specially appear and apply for an order to set aside the service of the citation because the citation had been served upon the defendant while the defendant was attending the Hoboken district court at Hoboken, New Jersey, and, at the time he was so attending said district court, was an interested party and appeared before that court in response to a summons directed to him and returnable upon the day he was so in attendance and that the said citation in this case was served upon him as he was leaving the court room of the district court. It appears from the affidavits that the defendant was a resident of New Jersey, residing in Union City. This matter was argued before the vice-chancellor and the vice-chancellor advised an order denying the application to set aside the service and declared the same valid, which order was made on April 25th, 1932. Thereupon both parties proceeded with the hearing of the application for alimony and counsel fees *pendente lite* and affidavits were submitted by the defendant in his own behalf in opposition to such allowances. An order advised by Vice-Chancellor Fielder was made and entered on May 9th, 1932, allowing alimony *pendente lite* and a counsel fee.

From the above two orders plaintiff appeals here. The first point argued is that the court of chancery was without jurisdiction to make the order for the reason that the service of the citation was contrary to the recognized and prescribed practice in such matters. Appellant relies upon such cases as *Michaelson* v. *Goldfarb, 94 N. J. Law 352,* and *Prescott* v. *Prescott, 95 N. J. Eq. 173,* and contends that the rule laid down in those cases is that "a party to a suit while necessarily going to, staying at, or returning from the court, is equally privileged from a service of a summons or a *capias* in a civil proceeding." In addition to the two cases above mentioned, counsel cites several others which hold to this rule. There is no doubt that such a rule exists in this state and there are many cases supporting it. All of the cases cited by counsel, in which the service of a summons has been set aside for the reason that such service was made upon the party while at-

tending court either as an interested party or as a witness, in another action, were instances in which the party so served was not a resident of this state with one exception, which was the case of *Massey* v. *Colville, 45 N. J. Law 119.* In that case the court had before it the question of setting aside a summons served on a resident of this state while he was attending court under subpœna in a different county from that in which he resided; and the court said in effect, that in most instances the only cause of complaint which the person served could urge would be that he was served in one county and not in another and that the remedy for this complaint is not a vacation of the service, but a change of venue, if an unfair advantage had been obtained by such service in fixing the place of trial; and that the circumstances of each case should control the court in dealing with such a service. In the *Massey Case* the court allowed the defendant so served, if he desired, to change the venue, unless the plaintiff should object, in which event it ordered the service of the summons set aside. As the case before us is one in chancery the question of the change of venue is not in point. We are inclined to think that the rule laid down by Mr. Justice Reed in the *Massey Case* is a proper one but whether or not this be so, the appellant appeared before the vice-chancellor as attorney *pro se* and argued the order to show cause for temporary alimony and counsel fees upon its merits and thereby submitted himself to the jurisdiction of the court. Respondent contends that the appearance made by appellant was not properly made because it was made without leave of the court. We do not think it necessary to consider this question.

The next point argued by appellant is that the order for alimony and counsel fees was based upon insufficient evidence. We have examined the affidavits before the vice-chancellor and are of the opinion that the vice-chancellor was justified in advising the order which was made for the allowance of alimony and counsel fee.

Therefore the two orders of the court of chancery appealed from are affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.