MARY KANTOR, Executrix, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Appellee.

No. 42794.

FEBRUARY 12, 1935.

REHEARING DENIED JUNE 21, 1935.

Lester C. Davidson, for appellant.

Milchrist, Schmidt & Marshall, for appellee.

POWERS, J.— Appellant is the executrix of the estate of her deceased husband, William Kantor. She commenced an action in the district court of Woodbury county, Iowa, against the appellee insurance company to recover permanent disability payments of $50 per month for the last six months of decedent's life and the sum of $240.95 paid by decedent as premium on his policy of insurance during said period, or a total of $540.95.

The petition alleges that on the 29th day of January, 1930, the appellee issued a policy of insurance to William Kantor on his life for $5,000, and that said policy contained a provision for the payment of disability benefits of $50 per month and a waiver of the annual premium payments which became due after the insured became permanently and totally disabled under the terms of the policy. It is further alleged in the petition that William Kantor became totally disabled on the 27th day of July, 1933, and continued permanently disabled until his death on the 3d day of February, 1934; that on the 29th day of January, 1934, he paid to the appellee company, as premium on his policy of insurance, the sum of $240.95; that the plaintiff was appointed as executrix of his estate on the 17th day of February, 1934, and immediately notified the appellee company of the disability which had existed and filed, or offered to file, proofs of such disability, and the company refused to receive such proofs.

A demurrer was filed to the petition on the ground that there was failure to submit proof during the lifetime of the insured and there was a failure to show at the time the proof was submitted that the disability would continue during the lifetime of the insured.

The question we are thus called upon to determine is whether, under the provisions of the policy, the representative of the insured's estate can file proof of permanent and total disability for a period preceding the death of the insured and receive the benefits to the same extent as the insured could have done had he lived, where the insured was capable of filing proof but did not do so, and the insurer was in no manner notified of any disability on the part of the insured during his lifetime. This involves a construction of the insurance policy.

■ An insurance policy is a contract between the insurer and the insured, and must be interpreted like other contracts. The object of all efforts at interpretation is to arrive, if possible, at the intention of the parties. To that end certain rules have come to be recognized as an aid to the court. The court will look to the whole instrument in an effort to determine its meaning; it will consider the purposes sought to be attained by the contract as shown by the instrument; and, if words be ambiguous, they will be construed against the party who prepared the document. It is frequently said that insurance policies will be liberally construed in favor of the insured. This is probably only another way of saying that the objects and purposes of the contract will be kept in mind and ambiguous language will be construed against the insurer who prepares and issues the contract. It certainly does not mean that the courts will prepare a new contract of insurance or are at liberty to change in any way the contract which was made by the parties.

The policy in this case is primarily one of life insurance. It provides that, in event of the death of the insured, the insurer will pay the sum of $5,000 to the beneficiary named therein, who is the wife of the insured. The essential difference between life insurance and disability insurance is obvious. The object of life insurance is to provide a fund for the benefit of the estate or the heirs or beneficiaries of the insured after the insured's death. The purpose of disability insurance, on the other hand, is to protect against, not a loss of life, but a loss of earning capacity. Disability insurance protects the insured himself; life insurance is primarily for the protection of others. Disability payments are, therefore, payable to the insured; life insurance benefits go to others.

With these general observations in mind, we proceed to an examination of the policy itself. It provides that the appellee company shall pay to the wife of the insured the sum of $5,000 *"upon*

*receipt of due proof of the death of William Kantor, the insured".*
It further provides *"upon receipt of due proof that the insured is*
*totally and presumably permanently disabled before age sixty,* \* \* \*
*the company agrees to pay to the insured fifty dollars each month*
*and to waive payment of premiums as provided therein."* It will be
observed that, while death benefits are to be paid to another under
the terms of this policy, the provision is that the disability benefits
are to be paid to the insured. This illustrates the difference in the
two classes of insurance and in their objects and purposes, as we
have tried to indicate in the foregoing paragraph; and it shows that
the parties contemplated a payment of the disability benefits to the
insured himself. It will further be noticed that the face of the policy
(the death benefit) is payable *if the proof shows the insured is dead,*
and that the disability benefits are payable if the proof shows he
is *disabled.*

With respect to the proof which must be furnished to the insurer
before the disability payments are to be made, the policy further
provides that "disability shall be considered total whenever the
insured *is* so disabled by bodily injury or disease that he *is* wholly
prevented from performing any work"; that the company will waive
premium payments and will pay certain monthly benefits "upon
the receipt at the Home Office before default in payment of premium,
of due proof that the insured, *is* totally disabled as above defined
and *will be continuously so disabled for life"*; that, in the event of
default in payment of premium, the policy will be restored, "pro-
vided that due proof that the insured *is* and has been continuously
from the date of default so totally disabled and that such disability
*will continue for life* or has continued for a period of not less than
three consecutive months, is received by the company not later than
six months after said default"; that "before making any income pay-
ment or waiving any premium, the company may demand due proof
of the *continuance* of total disability."

It will be noted that the language of the policy above quoted
provides that the appellee company is to pay the disability benefits
upon receipt of due proof that the insured *is* totally disabled and
*will be* continuously so disabled for life. It is further provided that,
before making any payments, the company may demand proof of the
*continuance* of total disability. It is obvious that proof furnished
after the insured has died does not establish that the insured *is* per-
manently disabled and *will be* permanently disabled for the re-

mainder of his life. Moreover, in such a situation, the insurer could not demand proof of the continuance of such disability. These provisions of the policy cannot be reconciled with the proposition that there is an obligation on the part of the insurer to pay disability benefits to the representatives of the estate of the insured after the death of the insured and upon proof furnished by the representatives of his estate that before his death the insured had been disabled, although no proof of such disability or even notice thereof was ever given to the insurer. The proof thus furnished by the representatives of the estate would show the death of the insured. The insurer's obligation on receipt of that character of proof was to pay the sum of $5,000 to the beneficiary. That payment, it made. Its obligation to pay disability payments and waive premium depended upon receipt of proof that the insured was living, that he was in being, that "he *is* permanently disabled" and "he will continue to be permanently disabled". Such requirements of the contract are not met by proof that the insured is dead.

The exact question here for our determination seems not to have been the subject of judicial consideration by a court of last resort. An inferior court in the state of New York had this identical question before it under a policy of insurance very similar to that in the instant case, and reached the conclusion that the insurer was not liable. See Yohalem v. Columbian Nat. Life Insurance Co., 130 Misc. 748, 240 N. Y. S. 666.

We have had for consideration in a number of cases the interpretation of a provision for total and permanent disability in a policy of life insurance similar to the provision in the instant case. But the decision in those cases do not affect the question here being considered. In McCoy v. New York Life Insurance Co., 219 Iowa 514, 258 N. W. 320, we held that, where the insured became insane, he was entitled to the benefit of the provision for a waiver of premium, even though he did not file proof of such disability. But that holding was based entirely on the fact that the insured became insane, and therefore incapable of filing proof. It proceeds upon the theory that the insurance company should not be permitted to escape responsibility, so far as the waiver of premium is concerned, where the insured suffered total disability which was so complete that the insured was unable to furnish the proofs. That case assumes that the parties intended, and the policy therefore meant, that the proofs were to be furnished only when the disability,

the consequences of which the insurance company had insured against, was such as to permit proofs to be filed, and that the parties did not intend that such proofs must be filed where the disability was such that the insured could not possibly furnish them. There was no effort in that case to recover the monthly payments. Whether or not the same rule would apply to the monthly payments has therefore not been determined. But no question of the ability of the insured to furnish proof is involved here. There is no claim that the insured, by reason of his disability, was rendered incapable of furnishing proof if he had desired to do so. Therefore the case of McCoy v. New York Life Insurance Company has no application here.

Because of the reasons hereinabove set out, we reach the conclusion that the proof furnished or offered to be made by the representatives of the estate of the insured was not such proof as the policy contemplated. No excuse for the failure to furnish proof during the lifetime of the insured is pleaded. Whether disability so complete as to make it impossible for the insured to furnish such proof, as complete loss of mind, would excuse the filing of proof, is therefore not before us. The trial court committed no error in sustaining the demurrer to the petition.—Affirmed.

ANDERSON, C. J., and MITCHELL, HAMILTON, and PARSONS, JJ., concur.