Defendant appears specially by leave of the court and moves to set aside service of the subpoena to answer. He is a resident of Connecticut, and he is also the petitioner in a suit for divorce pending in one of the courts of the State of Virginia. While attending before a notary public at Newark in this state, to give testimony in the Virginia cause, he was served with the subpoena.
Generally, a non-resident party or witness is exempt from the service of process while attending court. Halsey v. Stewart,4 N.J. Law 366; Massey v. Colville, 45 N.J. Law 119; Brown v.Brown, 112 N.J. Eq. 600. The privilege protects one who appears before a master, Miller v. Dungan, 37 N.J. Law 182, or before a supreme court commissioner to give testimony to be used on the trial or on a side motion. Mulhearn v. Publishing Co.,53 N.J. Law 153. Complainant argues that a party or witness enjoys the privilege only when the cause, in which he is interested, pends in a court of this state. It is true, I believe, that none of our reported cases deals with the situation where the one who claims protection *Page 135 
is concerned in litigation in a sister state, but nothing contained in any of these decisions tends to exclude such a case. The reason for the rule was stated by Mr. Justice Southard in the first case which I have cited: "Courts of justice ought, everywhere, to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance." Comity requires us to lend such protection to suitors in the courts of other states as we give to our own, in order that justice may be unhampered. And so it has been held elsewhere. Larned v. Griffin, 12 Fed. Rep. 592; Hogue v.Dudley, 137 Ark. 616; 208 S.W. Rep. 582; Parker v. Marco,136 N.Y. 585; 32 N.E. Rep. 989; Burroughs v. Cocke, 56 Okla. 627;156 Pac. Rep. 196; L.R.A. 1916E 1170.
Service of the subpoena will be set aside.