Ruth Cook, complainant-appellant,

*v.*

George Cook, defendant-respondent.

[Submitted May 19th, 1942.   Decided September 18th, 1942.]

*Mr. Harry Steiner,* for the appellant.

*Mr. Leon J. Lavigne (Messrs. Stein & Mandel,* of counsel), for the respondent.

The opinion of the court was delivered by

Rafferty, J.

This appeal is from an order entered in the Court of Chancery discharging a writ of *ne exeat.*

The parties hereto are husband and wife living apart from each other.   In March, 1939, at the suit of the wife, a decree of separate maintenance was entered against the husband who was at that time resident and employed within this state. Thereafter he lost his employment here and obtained other employment in Pennsylvania.   In an affidavit filed in the instant cause, he says, "* * * on or about November 4th, 1939, I lost my position, and did move to the State of Pennsylvania to secure employment."

In September, 1939, the husband was indicted in Essex County for criminal desertion of his wife and child.   Extra-

dition of the husband from Pennsylvania as a fugitive from justice having been sought, the matter was contested by him before the authorities of that state and upon the Governor of Pennsylvania ordering the issue of the rendition warrant, he sued out a writ of *habeas corpus* in the Lehigh County Court of Common Pleas which, after hearing, was dismissed. Appeal therefrom was made by the husband to the Superior Court of Pennsylvania, but prior to the disposition thereof he came into this state, not under the compulsion of the extradition warrant but of his own accord, surrendered himself to the Prosecutor of Essex County and was released under bail.

While waiting in the hall of Essex County Court House as defendant in the trial of the criminal cause, he was apprehended under a writ of *ne exeat* sued out by the wife and issued upon her affidavit that he had failed to comply with the separate maintenance decree before mentioned and that he was about to depart from this jurisdiction. He promptly made application for a discharge of this writ upon the ground that he was a non-resident and was voluntarily within the jurisdiction as a defendant in the criminal cause and, hence, was immune from the service of this process.

The learned advisory master advised an order discharging the writ but inasmuch as the wife had announced her intention of appealing from the order of discharge and for the purpose of preserving the subject-matter pending the appeal, the discharge of writ was conditioned upon the husband posting bail in the amount of $1,000. It is from this order, that the wife makes appeal.

The critical issue on this appeal is factual. If the husband was a non-resident and voluntarily within this jurisdiction at the time of the issuance and service of the writ of *ne exeat* he was immune from such service. *Herman* v. *Arndt, 116 N. J. Law 150; Morgan* v. *Morgan, 122 N. J. Eq. 2.*

The husband affirmatively stated that he had lost his position in this state and did move to Pennsylvania to secure employment. Responding thereto the wife was content to rely upon her statement that the husband "voluntarily quit"

his employment in New Jersey and that "He left his position and left the State of New Jersey for the purpose of evading contempt proceedings * * *." From these meagre recitals the learned advisory master concluded as a fact that the husband was a resident of Pennsylvania and with this finding we are in accord.

In *Dixon* v. *Dixon, 72 N. J. Eq. 588, 591,* the learned Vice-Chancellor said, "The word 'move' is somewhat indefinite. It may or may not according to the circumstance, warrant the inference of a permanent change of residence * * *." The circumstance here is that at the time the husband moved to Pennsylvania he had the undoubted right to change his residence at will, and his stated reason that the necessity of obtaining employment brought about the change of residence is reasonable and plausible.

If the case were as the wife concluded it was, that the husband had not "lost" his position in New Jersey, as he says, but had "voluntarily quit," as she says, affirmative proof thereof was available to the wife through his former employer, and it was her duty in the premises to present such affirmative proof in preference to relying upon her unsupported conclusion or belief. Such affirmative proof would give strong support to the inference that the husband went to Pennsylvania "for the purpose of evading contempt proceedings" in this state, but without it the inference is quite without support. Statements of characterization or conclusion in an affidavit are of no value or assistance to the court.

The burden of proof to establish the fact of non-residence imposed upon the husband, *Morgan* v. *Morgan, supra,* being thus met and not satisfactorily disproved by the wife, the fact-finding of the learned advisory master is unassailable. That the presence of the husband in this state was voluntary is clear from the authorities above cited.

We have carefully examined the brief of appellant and find the argument made to be without merit. The principles of law cited and to which we are referred must be disregarded as being without application. The rule obtaining in other jurisdictions cannot prevail against our settled law.

The order appealed from is affirmed, and the matter is remanded to the Court of Chancery for appropriate discharge of the bail.

*For affirmance*—PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—THE CHIEF-JUSTICE, HEHER, COLIE, JJ. 3.