M. F. STRUBLE, Appellee, v. SQUARE DEAL INSURANCE COMPANY, Appellant.

No. 46916.

1156

OCTOBER 15, 1946.

Underhill & Underhill, of Onawa, and Lehmann, Hurlburt, Hossfeld, Blanchard & Cless, of Des Moines, for appellant.

Prichard & Prichard and John D. Beardsley, all of Onawa, for appellee.

WENNERSTRUM, J.—Plaintiff's action at law is based on a claim for a loss to crops by reason of damage by hail and for which he seeks recovery on a hail-insurance policy issued to him by the defendant company. The original policy, as issued, insured crops against loss by hail on three farms operated by the plaintiff. It is provided in the policy that if insured shall move to a different location the policy will automatically transfer to the new location. It is plaintiff's claim that he changed some of his farming operations during the season of 1945, that the crops raised at the new location were damaged by hail, and under the terms of the original policy they were insured against loss. The defendant denies that plaintiff did move and the vital question involved in this litigation is whether or not the plaintiff did, in fact, "move." There was a trial to the court, a jury being waived. It was the ruling of the court that the policy covered plaintiff's loss and judgment

was thereafter entered against the defendant company after allowance of a counterclaim interposed by the company for the claimed premium due. The defendant has appealed.

The three farm properties originally covered by the policy issued to appellee are of varying sizes and are located in three different townships in Monona County, Iowa. It is disclosed by the record that in 1939 appellee acquired three hundred ninety acres of land in Sioux Township, Monona County, which were personally operated by him prior to 1945. In 1945 this farm was rented to two parties on a share basis. During that year twenty acres of corn were planted by the tenants on this Sioux township farm and the crop made seventy to eighty bushels to the acre. There was in addition some forty acres of late corn which was used for ensilage. Twenty acres of wheat were also lost because of wet ground.

The land upon which the appellee claims to have moved and on which he asserts he had the loss to the crop by hail is owned by appellee's wife. From 1928 through 1932 appellee farmed it. From 1933 through 1944 it was rented out to other parties. In 1945 appellee personally operated this farm and thereon planted sixty of the eighty acres to corn and popcorn. The court found the crop on this farm was damaged by hail and that it was covered by the policy issued to appellee.

The policy contains the following provision:

"18. Change of Location. In case the assured shall move to a different location, this policy will automatically transfer to the new location if same is in the State of Iowa. The assured agrees to notify the Company of any such change, but failure to give the Company such notice will not affect the liability of the assured or the Company under this policy, except as the rate of premium may be increased or decreased by inclusion of the new location in a different zone as defined in the following paragraph."

In the application for insurance the following provision is incorporated:

"In case I move to a different location, this policy will automatically transfer to the new location, only if same is in the State of Iowa. I agree to notify the Company of any such

change, but failure on my part to give the Company such notice will not affect my liability or that of the Company under any policy issued to me except as my premium may be increased or decreased by a change in zone.''

It is shown by the foregoing that in case the assured shall ''move'' to a different location the policy will cover the crops raised on the new location if (1) the assured notifies the company of such change and (2) regardless of the failure to notify the company of the change. The record does not show that the company was in any way informed of the appellee's claimed new farming operations.

The record quite definitely discloses that the appellee did not carry on personal farming operations on the Sioux township farm in 1945 but did personally farm the land owned by his wife. Consequently, the question that is determinative of this case is whether or not the appellee did ''move'' so that the claimed loss comes within the provisions of the policy and the application. In connection with this question, it is shown by the record that at no time did the appellee have his residence on the Sioux township farm and it cannot be said that in respect to the matter of residence it was necessary to show that he moved his residence from the Sioux township property.

I. ''Move'' is defined in Webster's New International Dictionary, Second Edition, in part, as follows: ''To change the place or position of in any manner.'' Did the appellee change his place or position in any manner? We have concluded that he did and that under the provisions of the policy the appellee was covered in his new farming operations. If the company wished to have its policy further restricted it was its privilege to do so in its preparation. This it failed to do.

Our research has disclosed that as to the word ''moved'' it has been said:

''The word 'moved' is somewhat indefinite. It may or may not, according to circumstance, warrant the inference of a permanent change of residence on her part.'' Dixon v. Dixon, 72 N. J. Eq. 588, 591, 66 A. 597, 598.

See, also, Cook v. Cook, 132 N. J. Eq. 352, 354, 28 A. 2d 178, 179.

As stated in the citations just referred to, we hold that the word "move" is indefinite and does not in itself necessarily refer to change of residence.

██ II. If there are uncertainties of meaning in construction of a policy these uncertainties are to be resolved against the party who prepared the instrument and is responsible for the language used. Diehl v. American L. Ins. Co., 204 Iowa 706, 710, 213 N. W. 753, 53 A. L. R. 1528, 1533. See, also, Kantor v. New York L. Ins. Co., 219 Iowa 1005, 1007, 258 N. W. 749.

The appellant cites the recent case of Iowa Elec. Co. v. Home Ins. Co., 235 Iowa 672, 678, 17 N. W. 2d 414, 416, 417, where we said:

"* * * in case of doubt an insurance policy will be construed strictly against the insurer, and if it is fairly susceptible of two different constructions, the one more favorable to the insured will be adopted. Of course, these are well-recognized rules. Brush v. Washington Nat. Ins. Co., 230 Iowa 872, 876, 299 N. W. 403, 404, 405, and cases cited; Service L. Ins. Co. v. McCullough, 234 Iowa 817, 824, 13 N. W. 2d 440, 444, 153 A. L. R. 697, and cases cited; 29 Am. Jur. 180, 181, section 166; 32 C. J. 1152, section 265; 44 C. J. S. 1166, section 297c. But these rules should not be applied to contravene the intention of the parties. Pilgrim Laundry & D. C. Co. v. Federal Ins. Co., 4 Cir., W. Va., 140 F. 2d 191, 193."

It is the contention of the appellant that it was the intention of the parties when they entered into the insurance contract that the word "move" should require an abandonment or removal from one farm and the taking up of operations at a new location. The authority cited by the appellant seems to us to be more persuasive for the appellee than for the appellant as there is a definite showing that the appellee did change the place of his farming operations.

This case was tried to the court, a jury having been waived. It is our conclusion that we cannot hold, as a matter of law, that under the facts shown the appellee did not "move"

1160

his farming operations. We therefore hold that the trial court should be affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.