This is an appeal from an order entered in the Chancery Division vacating the service of writ of ne exeat and summons and complaint upon the defendant.
The plaintiff and defendant were married in 1946 and resided in Jersey City in a three room apartment occupied by the defendant's parents. In November, 1947, the plaintiff obtained a decree of separate maintenance. Early in 1948 the plaintiff instituted contempt proceedings and the defendant applied for revision of the amount payable under the decree. In February, 1948, the defendant's employment in New York City terminated and he left for Arkansas where he remained until the latter part of May, 1948. While in Arkansas, he obtained a divorce. Thereafter, he returned to New York City where he was re-employed by his former *Page 373 
employer. He remarried and has been living with his present wife in New York City since July, 1948.
In October, 1948, upon the complaint of the plaintiff, the defendant was indicted in New Jersey for desertion. In January, 1949, the plaintiff filed an affidavit alleging that she is informed that the defendant has remarried and resides in New York City and praying that a writ of ne exeat issue to restrain him from departing out of the jurisdiction of the court. On the basis of this affidavit, the court on January 6, 1949, ordered that a writ of ne exeat be awarded against the defendant. The writ, together with a summons and complaint seeking nullification of the Arkansas divorce, were served upon the defendant while he was in New Jersey to plead to the indictment returned against him. Thereupon, the defendant moved to set aside service on the ground that he was exempt under the established rule that a nonresident party to a suit "while necessarily going to, staying at or returning from the court, whether civil or criminal, is privileged from the service of a summons or of a capias in a civil action." Herman v. Arndt, 116 N.J.L. 150 (E. A.
1936); Riewold v. Riewold, 121 N.J. Eq. 134 (Ch. 1936). Testimony was taken and the court determined, as a fact, that the defendant was not a resident of New Jersey when service was made upon him while he was in New Jersey to plead to his indictment and that, consequently, the service of the writ of ne exeat and the summons and complaint should be set aside. Plaintiff's appeal is from the order entered pursuant to this determination.
We assume, as the plaintiff contends, that she should prevail on her appeal if the defendant was domiciled in New Jersey at the time of the service upon him. See Kutschinski v. Kutschinski,112 N.J. Eq. 341 (E. A. 1933); Brown v. Brown,112 N.J. Eq. 600 (Ch. 1933). On the other hand, if at that time the defendant was domiciled in New York City he must prevail regardless of any improper motives underlying his original departure from New Jersey or the alleged invalidity of the Arkansas domicil and divorce. The defendant's position is that, upon returning to New York *Page 374 
City in July, 1948, he established that as his bona fide home where he intends to remain, and there are supporting circumstances. Thus, he remarried and established a home for his present wife and himself at an apartment in New York City where he has resided from July, 1948, to date. His place of employment is in New York City and he maintains no place of abode away from New York City. He testified that he did not want to go back to New Jersey because he had "nothing there" and all his "friends were here in New York." To refute the foregoing the plaintiff refers to several items which we consider insufficient. The defendant was permanently registered in 1946 as a voter but did not vote in New Jersey in 1948 or 1949; in March, 1948, he signed an application for renewal of his New Jersey driver's license which his father obtained for him; and in April and May, 1948, his mother evidently sent money orders for alimony to the plaintiff in envelopes bearing her return address in Jersey City. These events, occurring before the defendant's return to New York and his remarriage and establishment there of a home with his present wife, do not, in any substantial sense, negate his asserted domicil in New York.
We find, as did the Chancery Division, that the defendant was not a resident of this State when service was effected upon him while within this State to plead to his indictment, that under the circumstances he was privileged from such service, and that it must be set aside. See Cook v. Cook, 132 N.J. Eq. 352 (E. A. 1942). In the light of these findings we deem it unnecessary to consider the other points urged by the defendant in support of the Chancery Division's action.
The order entered below is affirmed. *Page 375