14 N.J. Super. 110 (1951)
81 A.2d 400
ANNA P. RANDALL, PLAINTIFF,
v.
SELDON L. RANDALL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 31, 1951.
*111 Mr. Isadore Rabinowitz, attorney for plaintiff.
Mr. Joseph J. DeLuccia, attorney for defendant (Mr. Bernard L. Stafford, of counsel).
HEGARTY, A.M.
Defendant's motion is to vacate and set aside the service of notice of motion and affidavit herein for an order requiring him to pay to plaintiff a proper allowance for her support and maintenance on the ground that, at the time of such service, he was privileged from process because of nonresidence, and because at the time of service he was in attendance within the State of New Jersey as a party, and to give testimony therein, in the trial of an action wherein he is plaintiff and Anna P. Randall is defendant, in the Superior Court of New Jersey, Chancery Division (general equity matters), Bergen County, Docket No. C-1635-50. The first hearing was held at Hackensack on May 1, 1951, before Judge John Grimshaw, Jr., and a further hearing was ordered for May 8, 1951, at 2:00 p.m., at the Court House, Paterson.
The parties are divorced. The defendant first obtained a divorce from the plaintiff, on October 31, 1946, in the State of Oklahoma. Subsequently, on March 31, 1947, the plaintiff was granted a decree of the Court of Chancery of New Jersey adjudging the defendant's decree of divorce to be "null, void and of no force, effect or validity in this State because of the fraud, deceit and imposition practiced by said defendant on the District Court within and for Muskogee County, State of Oklahoma, and upon the Court of Chancery of New Jersey, in that said defendant, Seldon L. Randall, simulated residence in the State of Oklahoma when, in fact, he was legally domiciled in the State of New Jersey."
The plaintiff on February 3, 1951, had judgment nisi for absolute divorce, on the ground of desertion, against the defendant and final judgment thereon was entered on May 4, 1951. The defendant was served by publication. No demand *112 for alimony was included in her complaint and the defendant was not personally served within the State of New Jersey in said suit.
The defendant has remarried and lives with his wife and two children at St. John's, Arizona. The affidavits in support of his motion to set aside the service of the notice and affidavit show that he has been a resident of St. John's, Arizona, for over four years last past, and that on May 1, 1951, he voluntarily came to the City of Hackensack, New Jersey, for the sole purpose of prosecuting the said Chancery suit, and for the purpose of giving depositions at the request of Anna Randall. At the close of the testimony on May 1, 1951, and after Seldon L. Randall had been cross-examined by the attorney for Anna P. Randall, the latter stated, when asked by attorney Joseph J. DeLuccia if the presence of Seldon L. Randall would be required on the adjourned hearing date for further testimony on cross-examination, that he "would like Seldon L. Randall, plaintiff therein, to remain as he thought he would need him for further questioning. If he decided otherwise, Attorney DeLuccia would receive immediate notice of his decision to the end that Seldon L. Randall could return to Arizona."
On May 2, 1951, at the home of defendant's mother, Mary H. Randall, Ridgewood, New Jersey, one Nicholas Van Peer attempted to serve Seldon L. Randall, on behalf of the plaintiff, with said notice and affidavit. It is not denied that Van Peer was told by Randall, on that occasion, he was not the person to whom the notice and affidavit was directed. However, Randall telephoned to his attorney and the attorney in turn spoke to Van Peer and advised the server that Seldon L. Randall, in the circumstances, was immune from such intended service. As a result, no service was made on Randall.
On May 3, 1951, plaintiff's attorney made definite announcement he would require the defendant's attendance for further questioning on May 8, 1951, the adjourned hearing date of the suit before Judge Grimshaw.
*113 During a five-minute recess in the proceedings on May 8, 1951, at the Court House, Paterson, the defendant was personally served with the said notice of motion and affidavit. The service thus made is the subject matter of the present application by the defendant to set aside the same on the ground he was privileged from service of process.
It is the contention of Anna P. Randall that the service effected upon the defendant is legal and proper for the following reasons: (a) Seldon L. Randall in remaining over in New Jersey on May 2, 1951, after the completion of the first day of trial on May 1, thereby lost any immunity from service of process; (b) he was not necessarily going to, staying at, or returning from court; (c) he was not served with a summons or a capias but only a mere notice of application for alimony; (d) Seldon L. Randall in misleading the process server by denying his true identity has forfeited any claim to immunity, assuming, arguendo, he had one. The plaintiff further contends there was nothing to prevent the defendant from leaving the jurisdiction of the State of New Jersey on May 1, 1951, and remaining in a neighboring state until the resumption of the hearing on May 8, 1951, and he is, therefore, not entitled to the privilege of asylum in this State during that week's interval when his presence was not necessary in any manner whatsoever with respect to the trial of the case.
It can be noted here that the defendant was required at the close of the hearing on May 1, 1951, to await the determination of plaintiff's attorney as to whether or not the defendant would be required to present himself at the adjourned hearing on May 8, 1951, for further questioning by said attorney. It was within the right of the plaintiff's attorney to compel the attendance of the defendant at the adjourned hearing date for further cross-examination. The defendant did not have leave of court on May 1, 1951, to return to Arizona and he went to stay at the home of his mother in Ridgewood, New Jersey, while he awaited the resumption of the hearing of his suit. It was on May 8, *114 1951, the same day defendant was served with the notice and affidavit at the Court House, Paterson, that Judge Grimshaw granted to defendant permission to return to Arizona and announced the hearing of the suit would be adjourned to June 20, 1951, for further proceedings.
The facts as thus related cloak the defendant with the privilege from service of process as claimed by him. Under such circumstances he was not at liberty to leave the trial and remained in the New Jersey jurisdiction until after giving his testimony at the hearing on May 8, 1951, when he left this jurisdiction, with the court's permission, to preserve his immunity.
The applicable authorities referred to in determining the issue are hereinafter presented:
In Herman v. Arndt, 116 N.J.L. 150 (E. & A. 1935) the court said:
"The established rule of public policy in this state is that a non-resident party to a suit, and, with somewhat different form of relief, even a resident party, while necessarily going to, staying at or returning from the court, whether civil or criminal, is privileged from the service of a summons or of a capias in a civil action. Michaelson v. Goldfarb, 94 N.J.L. 352 (and earlier cases cited therein); Prescott v. Prescott, 95 N.J. Eq. 173; Michelin v. Michelin, 100 Id. 64; Golde v. Golde, 108 Id. 519; Kutschinski v. Kutschinski, 112 Id. 341; Brown v. Brown, Ibid. 600; Blair v. Vetrano, 12 N.J. Mis. R. 462. The reasoning appears sufficiently in Michaelson v. Goldfarb, supra, and Halsey v. Stewart, 4 N.J.L. 366."
The case of Riewold v. Riewold, 121 N.J. Eq. 134 (Ch. 1936), opinion by Bigelow, V.C., contains the following:
"Generally a non-resident party or witness is exempt from the service of process while attending court. Halsey v. Stewart, 4 N.J. Law 366; Massey v. Colville, 45 N.J. Law 119; Brown v. Brown, 112 N.J. Eq. 600. * * * The reason for the rule was stated by Mr. Justice Southard in the first case which I have cited: `Courts of justice ought, everywhere, to be open, accessible, free from interruption and to case a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defense which he is obliged to make, should be *115 permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance.'"
In Howe v. Van Heusen, 206 N.Y.S. 792 (Sup. Ct., App. Div. 1924), we find the rule:
"Where nonresident witness in action in United States District Court, after testifying, was told by counsel that he must remain during balance of trial in readiness to give further testimony, he was immune from service of process, and his leaving jurisdiction immediately after close of trial was within reasonable time to preserve his immunity."
In Parker v. Marco, 136 N.Y. 585, 32 N.E. Rep. 989 (Ct. of App., N.Y. 1893), the court held:
"The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness, is a very ancient one. Y.B. Hen. IV., I.B. Vin. Abr. `Privilege.' It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly-constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice. Person v. Grier, 66 N.Y. 124; Matthews v. Tufts, 86 [87] N.Y. 568. At common law a writ of privilege or protection would be granted to the party or witness by the court in which the action was pending, which would be respected by all other courts. * * *. The only office which it can perform is to afford convenient and authentic notice to those about to do what would be a violation of the privilege, and to set it forth, and command due respect to it." Bridges v. Sheldon, 7 Fed. Rep. 44. The tendency has been not to restrict, but to enlarge, the right of privilege so as to afford full protection to parties and witnesses from all forms of civil process during their attendance at court, and for a reasonable time in going and returning. Larned v. Griffin, 12 Fed. Rep. 592."
The latest expression in this State of the rule that a nonresident party to a suit, whether civil or criminal, while necessarily going to, staying at or returning from the court, is privileged from the service of a summons or a capias in a civil action can be found in Younger v. Younger, 5 N.J. *116 Super. 371, 373 (App. Div. 1949), opinion by Jacobs, S.J.A.D. The broad rule therein stated comprehends the question here at issue and leads to the following result:
I find and conclude, therefore, that defendant was privileged from service of process at the time of the attempted service on May 8, 1951, of the notice of motion and affidavit herein and his motion for an order to set aside the same should be granted. Accordingly, an appropriate order may be presented for signing and filing. This action, of course, is dispositive of plaintiff's pending application for support and maintenance and it will be dismissed.