## Hager Realty Corp. v. Edison Parking Corp. of Lancaster

*Hartman and Underhill*, for petitioner.
*Edgar R. Barnes, Jr.*, for respondent.

BUCHER, *J.*, July 12, 1977—This is a petition for a declaratory judgment. An answer has been filed and the sole issue is the meaning of the word "move" as contained in a lease.

## FINDINGS OF FACT

1. Petitioner, Hager Realty Corporation, is a Pennsylvania corporation.

2. Respondent, Edison Parking Corporation of Lancaster, is a Pennsylvania corporation and, by merger, is now known as Park East, Inc., a Pennsylvania corporation.

3. Petitioner and respondent entered into a lease on April 16, 1963, whereby respondent took possession and operates an automobile parking enterprise on premises located next to the building formerly used by Hager & Bro., Inc.

4. Hager & Bro., Inc. was a department store which maintained its sole place of business at 25 West King Street, Lancaster, Pa.

5. All business operations of Hager & Bro., Inc. on said premises at 25 West King Street, Lancaster, Pa. were terminated on January 29, 1977.

6. Paragraph (1) of the lease between petitioner and respondent provides that the terms of the lease shall be 21 years, beginning the first day of June, 1963, and ending on the 31st day of May, 1984, subject to certain conditions, one of which is set out in section (c) of paragraph (1) as follows: "If Hager & Bro., Inc., should move its primary place of

business during the time, or any extension thereof, this lease may be terminated at the request of either party upon giving thirty (30) days written notice of its intention so to do."

7. Petitioner has given respondent written notice of its intention to terminate the lease.

8. Respondent resists the termination notice and refuses to vacate on the ground that the aforesaid provision of the lease set forth in finding of fact 6, above, is inapplicable.

9. An internal controversy exists between the parties.

10. A decision by this court will serve to terminate the uncertainty or controversy giving rise to this proceeding.

11. All essential issues of fact have been admitted.

12. No jury trial has been demanded.

## DISCUSSION

Websters New Collegiate Dictionary defines "move" as "to change the place or position of"; "to change position or posture." The same source defines "posture" as "state or condition at a given time esp. in relation to other persons or things." And see Struble v. Square Deal Ins. Co., 24 N.W. 2d 441 (1946). We must give ordinary meaning to the word "move" unless circumstances show that a different meaning is applicable: Rothstein v. Aetna Ins. Co., 216 Pa. Superior Ct. 418, 268 A. 2d 233 (1970).

Defendant contends that a discontinuance is not a "move" and, in effect, would require that plaintiff move and establish its business elsewhere. The lease does not so provide. We see no ambiguity in

the word "move" and conclude that it contemplates a discontinuance as well as a re-establishment of the business at another location.

The cases cited by defendant which invoke certain well settled principles of construction are inapplicable or distinguishable. Since we conclude that there is no doubt or ambiguity about the word "move," the rule of construction in favor of the lessee does not come into play. Further, there is no basis in the record to consider the rule of Windber Const. Co., Inc. v. Coleman, 185 Pa. Superior Ct. 649, 139 A. 2d 675 (1958), which says that courts will not place an interpretation on a lease which is not required by its terms and which will work a substantial hardship on one of the parties. The case of Williams v. Notopolos, 259 Pa. 469, 103 Atl. 290 (1918), cited by defendant as authority for avoiding forfeitures where a condition can be construed as a covenant is good law but is not applicable to the language of this lease. In Williams the clause in question read "Lessee also agrees, etc." and contained none of the expressions appropriate in framing a condition. Here the clause in question is specifically designated a condition and is introduced by the conditional word "if."


### ORDER

And now, July 12, 1977, we hereby hold and declare that the termination of operations by Hager & Bro., Inc. on January 29, 1977, was a move of its principal place of business within the meaning of paragraph 1(c) of said lease between plaintiff and defendant and that plaintiff is entitled to the possession of the premises described in said lease. De-

fendant is ordered and directed to deliver up possession of said premises within 30 days of the date of this order.